Curtis P. UPTON and Harry H. Armstrong, Plaintiffs,

v.

David L. LADD, Commissioner of Patents, Defendant.

Civ. A. No. 1023-62.

United States District Court District of Columbia.

March 12, 1964.

Penrose Lucas Albright, Washington, D. C., for plaintiffs.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action came to trial on January 16, 1964, and the Court having considered all the evidence presented, including the record in the Patent Office and the arguments of counsel, entered judgment for the defendant.

In accordance with the Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C., the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. This action was brought pursuant to 35 U.S.C. § 145 seeking judgment authorizing the defendant, Commissioner of Patents, to grant a patent containing claims 1 to 25 of an application entitled "Radiotonic Process", Serial No. 783,-410, filed December 29, 1958 by the plaintiffs, Curtis P. Upton, and Harry H. Armstrong. Application Serial No. 783,410 is a continuation-in-part of application Serial No. 363,794, filed June 24, 1953, and of application Serial No. 792,820 filed December 19, 1947, both of which are now abandoned.

2. The application in suit purports to disclose methods of converting, modifying, or benefiting a selected physical substance, such as a plant, by impressing on such substance what is called its own "characteristic frequency waves", either alone or together with the "characteristic frequency waves" of another different substance. The application alleges that all bodies of matter have individual "characteristic frequency waves", which may be recorded on suitable surfaces, amplified, and broadcast into space. Those waves are, in one example in the application, said to be recorded on paper by a pencil electrically connected to a carbon electrode held against the plant to be treated. The paper is placed on a "collector plate", together, if desired, with any other selected material, such as an insecticide, and the waves, or the waves "modulated" by waves of the added material, are broadcast into space by amplifying apparatus electrically connected to the collector plate. The plants having the "characteristic frequency" are

thereby said to be benefited, as by the enhancement of growth or by the control of pests.

3. All of the claims in the application in suit were rejected by the tribunals of the Patent Office as being inoperative. The claims in the above-identified parent applications had, likewise, been rejected by the tribunals of the Patent Office on the ground of inoperativeness.

4. The alleged operatability of the processes disclosed in the application in suit, and in the above-identified parent applications, cannot be explained by any known scientific principles.

5. Numerous affidavits were submitted by the plaintiffs to the Patent Office during the prosecution of the application for the purpose of showing the operability of the claimed processes; however, the tribunals of the Patent Office held that these affidavits were ineffective for that purpose.

6. Plaintiffs were repeatedly required by the Patent Office pursuant to 35 U.S.C. § 114, and Rule 92 of the Rules of Practice of the United States Patent Office in Patent Cases to show their apparatus to the Examiner, and operate it in his presence to demonstrate the usefulness of the claimed process for the purposes alleged in the application. However, there is no evidence in this proceeding that the plaintiffs ever successfully demonstrated the claimed processes in the presence of a Patent Office Examiner.

7. Plaintiffs presented no evidence at trial which shows that the tribunals of the Patent Office were clearly erroneous in holding that the claimed processes were inoperative, or that the evidence presented to the Patent Office by the plaintiffs was ineffective to show the operativeness of the claimed processes.

8. The new evidence presented by the plaintiffs at trial did not add anything material to the record made in the Patent Office with respect to the question of operativeness, and does not establish the operativeness of the claimed processes.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction under 35 U.S.C. § 145.

2. When the operativeness of a process claimed in a patent application is not obvious, a patent may not be granted absent effective proof of operativeness.

3. In the exercise of the express authority granted by 35 U.S.C. § 114 as to the submission of models and exhibits, the Commissioner of Patents has wide discretion as to when it is proper to require that exhibits be submitted and operated in the presence of the Examiner.

4. Where the new evidence in an action under 35 U.S.C. § 145 is merely cumulative to that presented to the Patent Office, the findings of the Patent Office assume well nigh dominating importance.

5. Plaintiffs are not entitled to a patent containing any of claims 1 to 25 of their application, Serial No. 783,410.

6. The Complaint should be dismissed.